## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **RONNIE TRAYWICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:08-CV-1893-VEH |
| | ) |
| **METROPOLITAN LIFE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION

### I.   INTRODUCTION AND PROCEDURAL HISTORY

This case was originally filed by Plaintiff Ronnie Traywick ("Traywick") in the Circuit Court of Etowah County against Defendant Metropolitan Life Insurance Company ("MetLife") on September 12, 2008. (Doc. 1 at 1 ¶ 1; *id.* at Ex. A at Compl.). On October 14, 2008, MetLife removed the litigation from state to federal court pursuant to federal question jurisdiction under 28 U.S.C. § 1331 on the basis that Traywick's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1 at 2 ¶ 4).

Pending before the court and under submission is Traywick's Motion to Remand (Doc. 7) filed on February 24, 2009. The Motion to Remand seeks to have

Traywick's claim "remanded to the administrator to consider additional evidence submitted after MetLife closed the record." (Doc. 7 at 1). MetLife filed its opposition (Doc. 15)[1] on March 23, 2009. Traywick filed his reply (Doc. 19) on March 30, 2009.

## II.  STANDARD ON REMAND

The general rule in the Eleventh Circuit is that "'a court should not resolve the eligibility question on the basis of evidence never presented to [as ERISA plan's administrator] but should remand to the [administrator] for a new determination.'" *Jett v. Blue Cross Blue Shield*, 890 F.2d 1137, 1140 (11th Cir. 1989) (citations omitted). At the same time, there are exceptions to this rule. "We do not agree, however, that a remand to the plan administrator is appropriate in every case, *see Quesinberry* [*v. Life Ins. Co. of N. Am.*], 987 F.2d [1017,] 1025 n.6 [(4th Cir. 1993)], nor do we agree that our own precedent dictates that remand is appropriate in every case." *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1330 (11th Cir. 2001).

A court's decision whether to remand a case to an administrator under ERISA

---

[1] The portions of MetLife's brief which directly address Traywick's Motion to Remand include pages 13-14 (opposing facts) and pages 19-26 (opposing argument). The rest of the document relates to MetLife's Motion for Summary Judgment (Doc. 12), which is not yet under submission. (*See generally* Doc. 15).

is discretionary. *Levinson*, 245 F.3d at 1328 (framing review of remand issue as whether district court erred). This means a ruling denying or granting a motion to remand will be reviewed for abuse of discretion. *Id.*; *see also Davidson v. Prudential Ins. Co. of Am.,* 953 F.2d 1093, 1095 (8th Cir. 1992) (cited in *Levinson* and analyzing remand decision under abuse of discretion standard).

## III.  ANALYSIS

### A.  Disability Claim History

Traywick worked for Cisco Systems, Inc. ("Cisco") as a network consulting engineer. (Doc. 17 at MetLife 00289, 00327-330). Traywick was involved in motor accident on April 19, 2007, which he claims has caused him disabling lower back pain. (*Id.* at 00279, 00362). Traywick's last day of work with Cisco occurred on May 17, 2007. (*Id.* at 00230, 00279).

After Traywick's initial claim for long term disability benefits under Cisco's disability plan was denied by MetLife, he sought an appeal on December 27, 2007. (*Id.* at 00219-222, 00210-211). On June 11, 2008, MetLife "uph[e]ld the denial of Mr. Traywick's claim" and indicated that Traywick "ha[d] exhausted his administrative remedies under the plan and no further appeals w[ould] be considered." (*Id.* at 00124, 00126).

Subsequent to MetLife's June 11, 2008 denial, Traywick's counsel provided

further information and records in support of Traywick's disability claim. (*Id.* at 00114-115, 00108, 00102-10). On August 28, 2008, MetLife responded with another denial letter indicating that while its June 11, 2008 denial reflected its "final decision on review and constituted completion of full and final review required by the Plan and Federal Law," it had still reviewed certain[2] "additional medical documentation and [] determined that this information would not support functional limitations and Mr. Traywick's inability to function from May 17, 2007[,] to November 14, 2007[,] and beyond." (*Id.* at 00100). As noted above, Traywick filed his lawsuit on September 12, 2008.

Traywick's new evidence that was never presented to MetLife during the claims review process consists of:

1) an EMG report dated September 22, 2008; and

2) an MRI report dated September 17, 2008.

(*Id.* at 00400-407).

Additionally, Traywick complains that MetLife failed to consider current medical records from Dr. George Harris ("Dr. Harris") that he forwarded by letter

---

[2] The specific additional records mentioned in the August 28, 2008 letter include "Lumbar MRI results dated July 17, 2008, Nerve Conduction Test results dated July 17, 2008 and X-rays of the Lumber Spine dated July 17, 2008." (Doc. 17 at 00100).

dated September 5, 2008. (Doc. 7 at 2; *id.* at Ex. 28 at 1-21). More specifically, in his Motion to Remand Traywick expressly highlights three separate records from this September 5, 2008 submission (Doc.7 at 2):

1) a letter from Dr. Harris dated June 10, 2008 (Doc. 7 at Ex. 28 at 12; Doc. 17 at 00115);

2) an entry dated June 9, 2008 (Doc. 7 at Ex. 28 at 2); and

3) a second entry dated June 9, 2008 (Doc. 7 at Ex. 28 at 14).

MetLife responds that its file does not contain Traywick's September 5, 2008 cover letter and most of the related underlying records. (Doc. 15 at 13 ¶ 42). However, it acknowledges receipt and consideration of the June 10, 2008 letter of Dr. Harris. (*Id.*).[3]

### B. Considerations Relating to Motion to Remand

Traywick maintains that MetLife has a continuing duty to consider new evidence, citing *Shannon v. Jack Eckerd Corp.*, 113 F.3d 208, 210 (11th Cir. 1997):

> <u>Nor can we say that the district court erred in directing the Plan administrator to consider subsequently available evidence</u>. The district

---

[3] The court notes that the administrative record reflects that the June 10, 2008 letter by Dr. Harris was considered as memorialized in MetLife's correspondence to Traywick's counsel dated July 16, 2008. (*See* Doc. 17 at 00108 ("Dr. Harris' letter of June 10, 2008 describes the pain that Mr. Traywick experiences and states that he has been referred to a neurosurgeon. Dr. Harris' letter did not provide any additional clinical evidence that would change our previous opinion.")).

> court relied on *Bucci v. Blue Cross-Blue Shield of Conn.*, 764 F. Supp. 728, 732 (D. Conn. 1991), holding that since a defendant's duty to provide benefits "is a continuing one, its refusal to provide benefits is thus a continuing denial, the propriety of which is measured against the information available from time to time." Eckerd's Plan administrator had an obligation to make a reasonably relevant inquiry and failed to do so at the time of the original determination. The district court did not err in directing that the Plan administrator consider all available evidence. As we stated in *Jett*, "Should [the beneficiary] wish to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand to [the plan administrator] for a new determination." 890 F.2d at 1140. Accordingly, we AFFIRM.

*Shannon*, 113 F.3d at 210 (emphasis added); (*see also* Doc. 7 at 3). Traywick further cites to *Levinson*, including its reaffirming of *Jett*'s general rule regarding remand as the "appropriate remedy" when new evidence is involved. (Doc. 7 at 3).

Traywick also points to the case of *Torres v. Pittston Co.*, 346 F.3d 1324 (11th Cir. 2001), which suggested that a remand to the administrator to assess new evidence might be appropriate under the circumstances of that disability benefits case. However, in proposing this remand, the Eleventh Circuit also stated: "We express no opinion thereon, preferring for the district court to assess the relevant facts and case law in the first instance." *Torres,* 346 F.3d at 1334.

In opposition to remand, MetLife, cites to the same controlling cases as Traywick.[4] (Doc. 15 at 22). MetLife argues that read together these decisions stand

---

[4] MetLife also cites as supportive the unpublished decision of *Cromer-Tyler, M.D. v. Teitel, M.D. P.C.*, 294 Fed. Appx. 504 (11th Cir. 2008), which is not binding

for the general proposition that "when a defendant claim administrator mishandles a claim, then the general rule is that a court has discretion to remand a claim to the claim administrator for additional administrative procedures before a court reviews the decision." (Doc. 15 at 22). The court does not necessarily disagree with this collective characterization; however, what still remains unaddressed is the contours of when exercising discretion in favor of a remand can constitute an abuse of discretion.

In *Levinson*, 245 F.3d at 1328, the Eleventh Circuit adopted the reasoning developed in *Davidson, supra*, at 3, but applied it to an insurer's request to remand, not to a claimant's:[5]

> We find persuasive the Eighth Circuit's reasoning in *Davidson v. Prudential Ins. Co. of America*, 953 F.2d 1093 (8th Cir. 1992). In that case, <u>Davidson contended that the district court erred in refusing to remand the case to the plan administrator to consider a vocational report and a psychiatrist's report prepared after litigation had commenced</u>. *See id.* at 1095. The district court refused to remand, because "if Davidson

---

on the Eleventh Circuit or this court, is comparable to decisions issued by other district courts, and therefore, at best, is only persuasive authority. *See, e.g., Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1338 (11th Cir. 2008) ("[B]ecause *Palmer* is an unpublished decision, it is not binding precedent.") (citing *Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007); 11th Cir. Rule 36-2).

[5] "In Levinson's case, Reliance-not the beneficiary-wanted a remand to consider evidence that would tend to show Levinson was not disabled." *Levinson*, 245 F.3d at 1328.

believed the evidence he now offers was necessary for Prudential to make a proper benefits determination, Davidson should have obtained this evidence and submitted it to Prudential." *Id.* We find that this reasoning should apply with equal force to the insurance company as to the beneficiary. Reliance had more than adequate opportunities to establish an administrative record containing evidence contradicting Levinson's evidence pointing to disability on two occasions: when it first considered Levinson's claim and upon Levinson's administrative appeal. Reliance did not do this. It was not until after litigation commenced that Reliance obtained evidence contradicting Levinson's evidence that he was disabled under the policy. Therefore, the district court's refusal to remand the issue of Levinson's eligibility for benefits to Reliance should be upheld.

*Levinson,* 245 F.3d at 1328 (emphasis added).

Therefore, *Levinson* stands for the general principle that declining to remand to a claims administrator in an ERISA case is a discretionary decision and may not constitute an abuse of discretion under certain circumstances. What *Levinson* does not state (nor *Davidson* for that matter) is under what circumstances would a decision granting a request to remand be an abuse of discretion. Indeed, it is not even clear from the opinion in *Levinson* whether the Eleventh Circuit would have conversely found a decision granting remand to be error there. Instead, what is evident from *Levinson* is that it is an atypical case and an example of an exception to the general rule favoring remand when new evidence is at issue. *Id.*, 245 F.3d at 1330 ("We find that this case is an unusual one, in which the general rule of remand is neither appropriate nor necessary.") (emphasis added).

Moreover, neither side has pointed to (nor has the court been able to independently locate) a reported[6] Eleventh Circuit decision in which the reasoning in *Davidson* (as applied to an insurer in *Levinson*) has since been extended to a claimant who seeks to remand on the basis of new evidence during the course of litigation.[7] While *Levinson* certainly implies that is an acceptable possibility, at the

---

[6] *See* discussion *supra*, at 7 n.4.

[7] The court notes that while MetLife's opposition does cite to some other cases, none of them holds that a district court's decision to remand to a plan administrator to consider new evidence offered by a claimant constitutes an abuse of discretion under ERISA. For example, the opinion of *DiGregorio v. Hartford Comprehensive Employee Benefit Plan*, 423 F.3d 6 (1st Cir. 2005), is similar to the *Davidson* decision in that the First Circuit held that "the district court did not err in determining that a remand was unwarranted on the facts of th[at] case[.]" 423 F.3d at 8 (footnote omitted). However, *DiGregorio* involved a request to remand (in the alternative) based upon the administrator's failure to provide the claimant with her complete file. 423 F.3d at 12 ("DiGregorio also alleged that Hartford had not 'afford[ed][her] a reasonable opportunity . . . for a full and fair review' of her claim, as required by ERISA § 503(2), 29 U.S.C. § 1133(2), and its implementing regulations, because Hartford had failed to provide her with a copy of her entire claim file upon request.") (emphasis added). Therefore, *DiGregorio* does not speak to the issue of when a decision to remand would constitute error on the part of a district court when new evidence underlies the remand motion. Furthermore, to the extent that *DiGregorio* implicitly holds that the First Circuit would apply a prejudice type of standard to a situation involving new evidence, the opinion constitutes merely persuasive authority and accordingly is non-binding on this court.

Another authority, *Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241 (11th Cir. 2008), involved no remand issues; instead it addressed the interplay of 29 C.F.R. § 2560.503-1(h)(2)(iii)'s "full and fair review" requirement and the administrator's failure to provide the claimant with an 'independent [medical] peer review' at the time of the initial denial." 524 F.3d at 1245, 1244. More specifically,

same time the opinion does not demand such an outcome. Therefore, with this latitude, the court in its discretion, determines that remand is preferable given the particular circumstances of this case, and *Jett*'s general rule favoring remand when a plaintiff seeks to present new evidence.[8]

---

"Glazer argue[d] that the failure of Reliance to provide her with a copy of the report produced by Hauptman during the pendency of the review of the initial denial of benefits deprived her of a 'full and fair review.'" 524 F.3d at 1245. In opposition "Reliance respond[ed] that it was not required to produce the documents it relied upon while it reviewed the initial denial of benefits; the production occurs after a final decision is reached." *Id.* The Eleventh Circuit "agree[d] with Reliance." *Id.* Therefore, *Glazer* is simply inapposite to the new evidence issue facing this court.

The remaining authorities that MetLife cites to are offered to show the purposes and goals of ERISA. (*See* Doc. 15 at 25 (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996); 29 U.S.C. § 1001b(c) (2,5); *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005); *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993); 1974 U.S. Code Cong. & Admin. News 4639, 5000)). Therefore, none of these is directly responsive to the remand issue.

At the end of its opposition to remand, MetLife finally argues that Traywick's "multiple and possibly unlimited appeals" in the form of a remand (*i.e.*, "an extra appeal") is a violation of "the DOL rule, found in the DOL claim regulation, [which] requires one or two appeals depending on the plan language." (Doc. 15 at 25-26). The court is not persuaded by this position, especially since it is at odds with the Eleventh Circuit's holding in *Jett*, and regardless, it does not establish that this court's exercise of discretion in favor of remand in this case is an abuse of discretion.

[8] For other cases in which the undersigned has reached the same result under a comparable analysis, see generally *Johnson v. Hartford Life & Accident Ins. Co.*, No. 4:07-CV-2203-VEH, (Docs. 37-38) (N.D. Ala. July 31, 2008) and *McCay v. Drummond*, No. 2:08-CV-01978-VEH, (Docs. 16-17) (N.D. Ala. Mar. 2, 2009).

Remand is "appropriate [and/or] necessary" in this instance for a number of reasons. *See Levinson*, 245 F.3d at 1330. One, while this case is not entirely new, it also is not one that has been dragging on for years, and more particularly has only been pending in federal court for a little bit over six months. Two, while a remand based upon any of Traywick's preexisting medical records (*i.e.*, those "records after 3/14/08 from Dr. George Harris" that Traywick attempted to submit to MetLife on September 5, 2008 (Doc. 7 at Ex. 28 at 1)) admittedly involves closer questions, because this remand also includes EMG and MRI reports that did not exist at the time of the claims review process, completeness calls for MetLife to issue a new determination based upon all the additional records offered by Traywick.

Three, controlling case law makes it clear that it would not be appropriate for this court to consider these additional records in the first instance on summary judgment, despite their interrelatedness to the overall question of Traywick's disabled *vel non* status. Four, acknowledging ERISA's competing congressional purposes as recognized by the Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), a remand is not so burdensome for MetLife and/or Cisco, Traywick's former employer, such that it outweighs the equally compelling considerations applicable to "enhanced protection for" employees, such as Traywick, who apply for benefits covered under a work-related policy of insurance. *Id.* at 497 ("[C]ourts may have to take account

11

of competing congressional purposes, such as Congress' desire to offer employees enhanced protection for their benefits, on the one hand, and, on the other, its desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place.") (emphasis added).

## IV.  CONCLUSION

Accordingly, for the reasons stated above, Traywick's Motion to Remand is due to be granted.  Relatedly, all other pending motions are due to be termed as moot.  An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this the 16th day of April, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge